Good morning, Your Honor. Good to have you with us, sir. Thank you, Your Honor. The Atsriku's Take your time. Thank you, sir. The Atsriku's seek from this court in two completely separate considerations on motions for summary judgment. As to the charter side of the case, they seek to have the case sent back for trial with guidance from this court. As to the negligent infliction of emotional distress side of the case, they seek merely to have this case sent back to the judge so that the court below can hear the testimony of expert Dr. Scholar so that he can elaborate on what was essentially a short report. Before you get into the details, how do we have jurisdiction in these appeals? There's no final order. These are maritime cases, Your Honor. It is an unusual animal. We are allowed to appear in them. It's a very old remedy. It comes from the 1800s. We've been allowed to do it. Can you cite any specific case law or jurisdictional basis for this court entertaining it? You said it comes from 1800. What year? What case? It's not a case. It's a statute, Your Honor. What statute? It is 20... You relied on 1292A3. Yes, Your Honor. Thank you. That's what you rely on. That's what we're relying on. And we have a case here about the limited reach of that interlocutory appeal provision called Evergreen, authored by former Chief Judge Irvin back in 1994. And I'm trying to figure out how you get around that. You haven't addressed it. Your Honor, I was struck by the fact that you filed three separate notices of appeal here, right? From the summary judgment ruling relating to Wilson Yachts and then sail away and then the captain. But the orders leave open a trial of the captain on liability. Only as to the death case, not as to James. As to the death case, so there's not a final order. Right. And you relied on each of them on that 1292A3. Yes, sir. As I say, Judge Irvin, who was our Chief Judge then, discussed that interlocutory provision and talked about how narrowly it's construed and proceeded to dismiss the appeal in Evergreen. And I don't know how you get around that case. And you haven't addressed it. Neither did the other side. Maybe both sides wanted our handling appeals. Although there's another case following that at this court relating to the Titanic that Judge Niemeyer authored that explained, again, how narrow the approach is of interlocutory order under that 1292A3. But in that Titanic situation said that the exception applied. And you didn't discuss that either. And neither did the other side. Although the first thing you're all supposed to put in your briefs, according to our rules, just about the first thing, is a jurisdictional statement in each brief. And you mentioned 1292A3. The Appalachians don't cite anything about jurisdiction. They just skip over that part of our local rule. Anyway, I don't know how you got jurisdiction here. If you can explain that, you can go ahead. If you can't explain that, I guess you can go ahead and argue your merits and we can take up jurisdiction. Since we're all here, take up jurisdiction with supplemental submissions or something. Thank you, Your Honor. But I think you have a problem. And I'll tell you, both sides, that you've got a serious jurisdictional problem. Thank you, Your Honor. My understanding of the mechanism and keeping in mind the theme that my clients come to court here is that the case law does not well explore many of the instances of problems in admiralty frequently. The mechanism for admiralty court that led to the statute was that frequently what would happen is there would be a bifurcation. And the court would decide on the limitation. It would decide on the liability. And the party that was aggrieved, the defendant, saying it was found liable, rather than going through the expense of having to defend the damaged side, would go to the appellate court when it was admiralty and say, look, let's take a look at this thing. And I think the gestalt in American maritime is, as Dr. Schoenbaum pointed out, we don't do an awful lot of case law. It's not like the English that are doing repetitively and everybody starts to really fine-tune it. Every once in a while, a problem comes up, apparently here, and we would like to have supplemental briefing on it. But the original mechanism is just to avoid having a trial on damages, and yet the statute has gone farther. That would be a routine trial, what was left here, on the liability and damages as to the captain. That was what was left. The only thing that's left is the captain. Summary judgment on the Wilson-Yodson sail away. Right. You all need to take a look. 33 federal reporter third is Judge Irvin's opinion, and it's an exception to the general rule of finality in 1291. And as he said, it is to be construed narrowly. And he gave a list and a footnote where appellate courts have construed it narrowly and threw out the cases. Yeah. And he said over time, however, the narrow scenario that justified the initial enactment of the provision has fallen into destitute, which I looked up in the dictionary, I think something like disuse. While parties have attempted to use the provision to support any interlocutory appeals in situations that do not supply the same justification for an exception to the finality rule. Your Honor, if I may. And he dismissed the case. Your Honor, if I may. Let's take a look at this case. That's the precedent in this court. Nobody on either side of this case, best of my knowledge, read it. Your Honor, taking a look at this case, what we have are two separate appeals. What is left is a death case against the captain. Go back there and try it, and then you'd have a final order, and you can come in on appeal. And then we can try it again. And that's my point. We will bring in the same witnesses. We will have the same arguments. There will be niceties about it, but we will still have to bring in the same witnesses. We will be trying this case twice. And that is what the original scheme was to avoid. Final order appeals are to keep us from having multiple appeals. So we don't have interlocutory appeals as a general proposition. Unless they fit within the narrow exceptions. And, Your Honor. And the question is whether this one fits into the narrow exception of 1292. And, Your Honor. 323, which neither side has seen fit to attempt to justify. Your Honor, the justification. Even if both want an appeal. Your Honor. You cited it, but you didn't go any further. Your Honor, the justification is that if this were to go back down and have a. I'm going to give you an opportunity to file briefs after this argument. Yes, sir. On that. So why don't you go ahead and go to your merits. You've only got about three minutes left. What you would say is why you've got something on the merits of the appeal. Thank you, Your Honor. The merits of the appeals are that. The charter side of the case is the same scenario that has been seen again and again and again in maritime law. It's been a very long time since appellate court gave any guidance to it. And we are talking about things like Fouchard's. We're talking about things like Comar. You're talking like things about community bank. These are all support says you're and Fitzgerald. These are all the same cases. This scenario that we have in front of us is the same thing that has been touched upon before. And yet we've got this. We've got this sub community of captain charters, and there's very little guidance on it. Everybody goes back to barges and tugs and all manner of serious commercial craft. What we have here is we have got a charade of a captain being just suggested as opposed to forced onto a renter. And we're talking about control. And the reason why this enormous appeal should be decided on the merits now is because if it is not decided now and it goes back and the case goes back down, there's going to be another appeal. And it's going to be it's going to be the same issues are going to be decided again. That would be a final order appeal. That's what we normally do. Have cases decided at the district court level. And then they come up here. And this in the order here says there's a trial to be conducted with respect to the captain. And you didn't have your trial with respect to the captain. You decided this is about three separate appeals. This case which have been consolidated for handling here on the charter side. This case is being cited already because of the Internet. The actual case is being cited as precedent. And that is just wrong. It should be killed or supported now. Back in the day when they were really unpublished. We'll get you a final order and then come back. But back in the day when they were published. You have to finish your case. That's the normal rule. That's that's what I'm telling you. We can't have an exception to finality rules for people treating district court opinions as precedential. As you say, the Internet stuff's out there. There's nothing we can do about that. We're still not supposed to hear appeals until there's a final order. Your Honor, I've got 34 seconds left. And obviously what this court wants is some serious argument on something that is not before it. Well, it has to be before it. Well, the first thing we have to look at is jurisdiction. That has to be in your brief. And it wasn't explained in your brief. It's Rule 28 of the local rules of the Fourth Circuit. Exactly. On the briefs. We need to have a supplemental brief. Maybe you can bring yourself. You can just try to distinguish evergreen if you want to pursue a claim you have jurisdiction. Absolutely. You have briefs on the merits. Thank you. You've saved some time for rebuttal. Let's see what the other side has to say. Thank you, Your Honor. Good morning, Your Honor. We are switching the order of argument here from Mr. Weiner to Ms. Wood. And I will plead guilty on behalf of all of the appellees to what Your Honor has raised. We did not, in fact, pay attention to the evergreen case and are not able right now to address the. Are you familiar with it at all? Your Honor, I will say that I have read it, but it has been probably five years ago the last time I read it. I cannot, and I believe Mr. Lochner would say the same, we cannot address the questions that Your Honor has raised with regard to. So you're essentially conceding that the appeal has not been properly perfected. What I'm saying, Your Honor, is that there is not before the court a firm answer to whether it has been properly perfected or not. Because we did not address whether or not it fits within any of those exceptions. So since it has not been, this is my term, properly perfected, we really can't reach the merits of the case until the requirements of the rule allow us to consider the case in whatever exception may exist in evergreen. I believe that that is a fair statement of the position that the case is in right now. I do. I will also add, contrary to what I believe the appellant has described, that this would inevitably lead to multiple appeals, assuming that upon subsequent briefing the court makes a decision that it is not in fact right for the court's attention at this point. Well, it's not final. There's no question it's not a final order. That it does not fit within any of the exceptions. Their notice of appeal acknowledges that there is a statutory exception for some maritime stuff. The question is whether it comes within that exception. And that's what they relied on, but nobody briefed it for us. I do, Your Honor, and again, presuming that upon subsequent briefing that the court would determine that it does not fit within any of the exceptions, I don't think there is necessarily... And you might even find some cases in other circuits that haven't gone the same way as Judge Ervin. Understood. But we have precedent. Understood. In the event that this case was to be... And I've given you the sites of the two cases my office found in our limited research. And we are, as Judge Austin said, we're a court sitting here. We have limited jurisdiction. We have the jurisdiction that Congress gave us. And generally that's final order jurisdiction to resolve appeals when the case is over in the district court. In this case, it's not over. Correct. In the district court. And, Your Honor, I will say that contrary to the appellant's position, I think that there is not necessarily an inevitability of, again, presuming that this court determined it did not have jurisdiction upon subsequent briefing. And not an inevitability of another appeal after a trial. Because all of the liability here rests on a finding that Captain Kaufman was negligent. And, indeed, if this was to go to trial and there was a jury verdict that Captain Kaufman was not negligent, it's entirely possible that there would be no basis for an appeal of that decision. And that would be final with regard to any of the potential liability of either the owner or the charter manager. Well, we can let you all, as I said, make supplemental submissions to address jurisdiction. You can decide you're going to claim them. There's not any. I'm sure the plaintiffs are going to want to say that we have jurisdiction under that exception. You all can figure out whatever it is you want to say. And you've briefed the merits. And we can, if we decide that their exception applies, we can go ahead and assess the merits. And, of course, if we wanted to, we could reassemble for another argument. But you have, we have the briefs and we've studied them. But at this point, we need to figure out, we have an obligation to sua sponte, take up jurisdiction. If the lawyers don't mention it, we have to look at it ourselves. We can't be agreed on jurisdiction. It would be an advisory opinion. We would be deciding something, but we don't have the power to decide. With those statements, Your Honor, I believe that the appellees take the position that it is appropriate at this point to suspend, request subsequent briefing on that, and allow the court to make that decision. Thank you, Your Honor. And the question I have is how quickly you can get that together. Can you make supplemental submissions in 20 days? From the appellee's point of view, yes, Your Honor, we will make 20 days. Have simultaneous supplemental submissions on jurisdiction. Your Honor, I... Yes, sir. I can't do it. How much time do you need? I'm going to be out of the country and or out of my home state most of December. I need into, I need into January. I need into the middle of January. All right. Four more days in this month. The middle of January? You're talking about January 15th. That's a weekday. Well, you said the middle of January. If that's a weekday, Your Honor, I would appreciate it. Pardon? If that's a weekday, I would appreciate it. Yes, sir. I don't have a calendar in front of me. We'll set a schedule and take what you're suggesting into account, but talk about simultaneous. January 15th is a Monday. That's a Monday. I'll give you to the following Friday. I'll give you the rest of that week. 15th? 19th. 19th. January 19th, simultaneous briefs on the question of jurisdiction. Thank you, Your Honor. Thank you, Your Honor. All right. And you have some time left for your rebuttal if you want to use some of it or all of it. I do. Go right ahead, sir. Thank you. My learning colleague said that multiple appeals are not inevitable, talking about what happens if Captain Kaufman is found not negligent. I think a clear reading of the brief shows beyond a cavil that Captain Kaufman was grossly negligent and really insofar as that side of the case is concerned, he's in all probability going to be found liable on the death, the issue being James, who survived. And what's going to happen is that we're going to have grieved parents who are going to be faced with a single individual defendant and the maritime community will still have these charter-captained outfits going around, making up all kinds of outlandish contracts and causing these problems again and again and again. And the motivation for the appeal in part, in great part, was that the precedent is going to mislead the maritime community. The case is out there. This case is out there. When you say this case is out there, you're talking about the district court determination. Yes, Your Honor. Okay, well, as I think Judge King pointed out, this court can't control the Internet. It's out there. Other people can put out counter-information if they choose to do so, but obviously this is a court of rules and we have to work the case and work the process before anyone can claim victory in this case. Yes, Your Honor, and we will have to brief that. I guess my point being that I would just... The district court, Judge Rubin, put a lot of work into this case and wrote what would have to be accepted as a thorough opinion, disposing of the parts of it that she disposed of. That's fair. She's put a lot of work into it. We have to, but we've got to figure out whether we've got jurisdiction or not. Your Honor, the court did put a lot of work into it. The unfortunate thing is the district court didn't understand the law and made some serious, serious errors in weighing evidence. It's just clear. Thank you, Your Honor. Thank you. Appreciate it. We will...
judges: Robert B. King, Pamela A. Harris, Rossie David Alston Jr.